IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:19-cv-00083-MR

| | | |
|---|---|---|
| CURTIS LUTHER DALTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MARTY LILES, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on *pro se* Plaintiff's Motion to be Relieved of the Obligation to Serve Defendants With Paper Copies of Filings [Doc. 41], Plaintiff's Motion to Reassign Legal Counsel to Amend Complaint and Conduct Discovery on Newly Identified Defendants [Doc. 42], and Defendants' Motion for Extension of Time to File a Response to Plaintiff's "Motion to Reassign Legal Counsel to Amend Complaint and Conduct Discovery of Newly Identified Defendants" [Doc. 44].

The incarcerated *pro se* Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 alleging that he was beaten by Iredell County Sheriff's Office deputies following a vehicle chase. [See Doc. 1]. The Complaint passed initial review against six Defendants and North Carolina Prisoner Legal Services (NCPLS) was appointed to assist Plaintiff with discovery pursuant

to Standing Order 3:19-mc-0006-FDW.[1]  [Docs. 10, 28].  NCPLS was permitted to withdraw at the close of discovery after providing Plaintiff assistance and advice.  [Docs. 35, 38].  NCPLS opined that the appointment of counsel was not required for this action.  [Doc. 35].  Defendants moved to extend the dispositive motions deadline, which was granted until October 14, 2020.  [Doc. 40].

First, Plaintiff asks the Court to relieve him of his obligation to serve Defendants with paper copies of his filings because he is incarcerated, indigent, and lacks access to a photocopier or carbon paper.  [Doc. 41]. Defendants do not object [Doc. 43], and accordingly Plaintiff's Motion will be granted.

Second, Plaintiff asks the Court to reassign him legal counsel.  He contends that NCPLS discovery counsel informed him of the existence of nine other potential Defendants and the possible elimination of one of the named Defendants and, on August 13, 2020, mailed him a 30-pound box of discovery materials.  Plaintiff argues that he intends to amend his Complaint to add defendants and allegations, and that he will seek to conduct further

---

[1] The case was assigned to Judge Frank D. Whitney at the time.

2

Case 5:19-cv-00083-MR   Document 45   Filed 09/25/20   Page 2 of 3

discovery.[2]  Defense counsel seeks an extension of time within which to respond to Plaintiff's Motion.

Plaintiff has not identified any extraordinary circumstances that would warrant the appointment of counsel and NCPLS has opined that further representation is unnecessary.  See Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987).  Therefore, Plaintiff's Motion seeking the appointment of counsel will be denied and Defendants' Motion to extend the time for filing a response will be denied as moot.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to be Relieved of the Obligation to Serve Defendants With Paper Copies of Filings [Doc. 41] is **GRANTED**; Plaintiff's Motion to Reassign Legal Counsel to Amend Complaint and Conduct Discovery on Newly Identified Defendants [Doc. 42] is **DENIED**; and Defendants' Motion for Extension of Time to File a Response to Plaintiff's "Motion to Reassign Legal Counsel to Amend Complaint and Conduct Discovery of Newly Identified Defendants" [Doc. 44] is **DENIED** as moot.

**IT IS SO ORDERED**.

Signed: September 25, 2020

Martin Reidinger
Chief United States District Judge

---

[2] The deadline for filing motions to amend and join parties expired on May 4, 2020.  [See Doc. 28].  Plaintiff has not moved to amend, nor has he filed a proposed amended complaint.  Further, he has not moved to reopen discovery.