# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:19-cv-00083-MR

| | | |
|---|---|---|
| **CURTIS LUTHER DALTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **MARTY LILES, et al.,** | ) | **ORDER** |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on several *pro se* filings [Docs. 59, 64, 65, 66].

The *pro se* incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983 asserting claims of excessive force, which passed initial review. [Docs. 1, 10]. The Defendants have filed Motions for Summary Judgment. [Docs. 46, 56]. The Plaintiff has been informed of his right to respond and of the applicable legal standards. [Docs. 49, 60]. The Plaintiff's responses to both Motions for Summary Judgment are currently due by February 15, 2021. [Doc. 60].

On December 17, 2020, a document entitled "Plaintiff's Conference with Counsel for Defendants Required by Local Rule 7.1(b)" and addressed

to attorney James Morgan Jr.,[1] was docketed as a Motion for Extension of Time to file a summary judgment response. [Doc. 59]. In it, the Plaintiff complains that pages are missing from the summary judgment Memorandum, requests that counsel send him all the cases cited in the Memorandum, and asks whether counsel would object to an extension of the response deadline. It is evident that this is a correspondence between litigants that should not have been filed with the Court. See generally Fed. R. Civ. P. 7; [Doc. 5: Order of Instructions ¶ 8]. The Clerk will therefore be instructed to terminate this Motion and Plaintiff is instructed not to file such correspondences with the Court.

On January 24, 2021, the Plaintiff filed a Motion for a Copy of a Response to a Motion for Summary Judgment. [Doc. 66]. The Plaintiff asks the Court to provide him with a sample summary judgment response because he does not have a high school diploma, legal training, access to a law library, or legal assistance. This Motion will be denied because the Court has already instructed the Plaintiff regarding the applicable standards. [See

---

[1] Mr. Morgan is counsel for Defendants Gerry Toney, Brandon Best, Troy Miller, and R. Vargas.

Docs. 49, 60: Roseboro[2] Orders]. The Court cannot provide the Plaintiff with legal advice. [See Doc. 5: Order of Instructions ¶ 6].

On January 25, 2021, the Plaintiff filed a Motion for Extension of Time [Doc. 64] seeking an extension until March 15, 2021 to respond to the two pending Motions for Summary Judgment [Doc. 64]. The Plaintiff asserts that he received case law on January 25, 2021 and is experiencing hardships in litigating this action because of his incarceration and *pro se* status. The Motion will be granted for good cause shown.

That same day, the Plaintiff filed a Motion to include Photographic Evidence Into Discovery [Doc. 65]. He asks the Court to permit him to file a photograph that allegedly depicts his injuries that are the subject of the Complaint. The Motion will be denied as moot because the Plaintiff does not require leave of Court to file evidence in support of his summary judgment responses.

**IT IS, THEREFORE, ORDERED** that:

(1) The Plaintiff's Motion for a Copy of a Response to a Motion for Summary Judgment [Doc. 66] is **DENIED**;

(2) The Plaintiff's Motion for Extension of Time [Doc. 64] to respond to the pending Motions for Summary Judgment is **GRANTED**, and the

---

[2] Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

Plaintiff shall have until March 15, 2021 to respond to the Defendants' Motions for Summary Judgment; and

(3) The Plaintiff's Motion to include Photographic Evidence Into Discovery [Doc. 65] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk is instructed to **TERMINATE** "Plaintiff's Conference with Counsel for Defendants Required by Local Rule 7.1(b)" [Doc. 59]. The Plaintiff is instructed not to file correspondences with the Court.

**IT IS SO ORDERED.**

Signed: February 10, 2021

Martin Reidinger
Chief United States District Judge